703 N.W.2d 660 (2005)
2005 ND 156
In the Interest of K.G.
William Pryatel, M.D., Petitioner and Appellee
v.
K.G., Respondent and Appellant.
No. 20050266.
Supreme Court of North Dakota.
August 31, 2005.
Kenneth L. Dalsted, Special Assistant Attorney General, Jamestown, ND, for petitioner and appellee.
Jodie Koch Scherr, Valley City, ND, for respondent and appellant.
KAPSNER, Justice.
[¶ 1] K.G. appeals an order from the district court requiring her to be hospitalized at the North Dakota State Hospital ("State Hospital") for continuing treatment until May 11, 2006, or until further order of the court. We affirm.

I.
[¶ 2] K.G., a 32-year-old woman, suffers from schizoaffective disorder bipolar type, borderline personality disorder, and alcohol and cannabis dependence. She has been hospitalized in the State Hospital continuously since August 2004. Prior to August 2004, K.G. had been hospitalized approximately fifty-six times. K.G. agrees she requires treatment. She argues that the district court failed to adequately consider less restrictive alternatives to involuntary hospitalization.
[¶ 3] The district court found by clear and convincing evidence that no less restrictive alternatives exist that could facilitate K.G.'s required treatment. The court further found that if her condition was left untreated, she would pose a serious risk of harm to herself based on her past history of attempted suicide and aggressive verbal and physical outbursts.

II.
[¶ 4] This Court has articulated a standard used in least restrictive treatment appeals:
When an individual is found to be a person requiring treatment he has the right to the least restrictive conditions *661 necessary to achieve the purposes of the treatment. The court must make a two-part inquiry: (1) whether a treatment program other than hospitalization is adequate to meet the individual's treatment needs; and (2) whether an alternative treatment program is sufficient to prevent harm or injuries which the individual may inflict upon himself or others. The court must find by clear and convincing evidence that alternative treatment is not adequate or hospitalization is the least restrictive alternative. This Court will not set aside the trial court's findings unless they are clearly erroneous. A finding is clearly erroneous if it is induced by an erroneous view of the law, it is unsupported by evidence, or this Court, based on a review of the entire record, has a definite and firm conviction a mistake has been made. This Court's review in involuntary commitment cases is limited to the procedures, findings, and conclusions of the lower court.
Interest of R.F., 2005 ND 102, ¶ 4, 697 N.W.2d 311 (internal citations omitted).
[¶ 5] K.G. argues there was insufficient evidence produced at her continuing treatment hearing, and the district court failed to adequately consider alternative treatment programs. We disagree.
[¶ 6] The court heard evidence from K.G. and Dr. William Pryatel on the merits of a continuing treatment order. At the hearing, K.G. admitted she continues to be mentally ill and requires treatment. Dr. Pryatel testified K.G. exhibited aggressive behavior and needed to be restrained as recently as a month before the district court's hearing. Previously, K.G. has also attempted suicide by cutting her wrists. It seems apparent "[i]n some cases, a reporting doctor may reasonably conclude that less restrictive alternatives to hospitalization simply do not exist." Interest of J.S., 545 N.W.2d 145, 148 (N.D.1996).
[¶ 7] This Court has also noted a pattern of conduct can be a helpful indicator of predicting future events. See, e.g., Interest of A.L. and J.L., 2001 ND 59, ¶ 16, 623 N.W.2d 418; Interest of A.S., 1998 ND 181, ¶ 19, 584 N.W.2d 853. Looking to K.G.'s pattern of conduct, there is a history of fifty-six separate instances of hospitalization and some unsuccessful attempts at treatment in a less restrictive setting. K.G.'s most recent attempt at staying in a less restrictive transitional living facility resulted in K.G. going "AWOL [absent without leave] to drink" her first day there. The treating physician testified that hospitalization was required to meet K.G.'s treatment needs. The district court made specific findings that currently no adequate alternative treatment programs existed. The court found that in the beginning of April 2005, she had numerous incidents of "maladaptive behaviors" including incidents of aggressive outbursts, clenched fists, fighting moods, swearing, kicking, and being put in restraints. The court also found K.G. has a history of irritable mood swings, self-mutilation, and suicide attempts. On this record, there was sufficient evidence to support the court's finding that K.G. "requires further treatment and that a treatment program other than hospitalization is currently not suitable."

III.
[¶ 8] Because the court's decision was not clearly erroneous, we affirm the continuing treatment order.
[¶ 9] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.